FILED

AUG 07 2013

SUSAN M SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

**FILED**

**Aug 07, 2013**

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: ) | BAP No.   EC-13-1211 |
| ) | |
| LARRY TEVIS; NANCY TEVIS; ) | Bk. No.   04-26357 |
| ) | |
| Debtors. ) | Case # 2:13-mc-0082 MCE AC (PS) |
| ─────────────────────) | |
| ) | |
| LARRY TEVIS; NANCY TEVIS, ) | |
| ) | |
| Appellants, ) | |
| ) | |
| ) | |
| v. ) | **ORDER TRANSFERRING IFP** |
| ) | **MOTION** |
| MICHAEL F. BURKART, Trustee; ) | **(Response Required)** |
| HOSEIT & KOELEWYN; MAX HOSEIT;) | |
| HERMAN L. KOELEWYN, ) | |
| ) | |
| Appellees. ) | |
| ─────────────────────) | |

Before:  DUNN and KIRSCHER, Bankruptcy Judges.

Appellants filed a motion for leave to proceed in forma
pauperis with respect to this appeal ("IFP Motion").  A Clerk's
Notice to the bankruptcy court was issued, giving the bankruptcy
court the opportunity to make a certification under 28 U.S.C.
§ 1915(a)(3) regarding whether the appeal is frivolous.  A
certification was made by the bankruptcy court on July 31, 2013.
The bankruptcy court declined to certify that the appeal is "not

taken in good faith" within the meaning of 28 U.S.C.
§ 1915(a)(3), determined that the appeal "is not frivolous" for
purposes of 28 U.S.C. § 753(f), and determined that the appeal
does not present a "substantial question" within the meaning of
the penultimate sentence of 28 U.S.C. § 753(f).

Under the holding of <u>Perroton v. Gray (In re Perroton)</u>, 958
F.2d 889 (9th Cir. 1992) and <u>Determan v. Sandoval (In re
Sandoval)</u>, 186 B.R. 490, 496 (9th Cir. BAP 1995), the Bankruptcy
Appellate Panel has no authority to grant or deny in forma
pauperis motions under 28 U.S.C. § 1915(a) because bankruptcy
courts are not "court[s] of the United States" as defined in 28
U.S.C. § 451.

Therefore, appellants' IFP Motion is hereby TRANSFERRED to
the United States District Court for the Eastern District of
California for the limited purpose of ruling on the IFP Motion.

It is appellants' responsibility to take all necessary steps
to have the IFP Motion considered by the district court within a
reasonable period of time.

No later than **Friday, September 6, 2013**, appellants must
file with the Panel and serve on opposing counsel a written
response which includes as an exhibit a copy of the district
court's order on the IFP Motion or an explanation of the steps
appellants have taken to have the IFP Motion considered by the

2

district court.  For the convenience of the district court,
copies of the notice of appeal, the IFP Motion, the bankruptcy
court's certification, and the order on appeal are attached to
this order.

Failure to comply with the requirements of this order may
result in dismissal of this appeal for lack of prosecution
without further notice to the parties.  9th Cir. BAP R. 8070-1.



1  Larry Tevis and Nancy Tevis
   P.O. Box 156
2  Rescue, CA 95672



FILED

APR 3 0 2013

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

In re:

LARRY TEVIS & NANCY TEVIS          Case Number: 04-26357-B13

          Debtors,

---

## NOTICE OF APPEAL

Debtors Larry and Nancy Tevis appeal under 28 U.S.C. section 158(a) or (b) from the judgement, order, or decree of Bankruptcy Judge Christopher M. Klein's order Debtors Motion For Relief Under Federal Rule Of Civil Procedure 60(d)(3) Fraud On The Court filed on April 25, 2013.

The names and addresses of all parties and respective attorneys to the order appealed from, as follows:

Michael F. Burkart                    Paul L. Cass

Trustee Michael F. Burkart            Law Offices of Paul L. Cass

5150 Fair Oaks Blvd. # 101-185        7803 Madison Ave. Ste. 610

Carmichael, CA 95608                  Citrus Heights, CA 95610

Page 1

Peter A. Galgani

Law Offices of Peter A. Galgani

1120 "D" St. Ste. 100

Sacramento, CA 95814

Hoseit & Koelewyn                          Attorneys for Hoseit& Koelewyn

Max Hoseit                                 Andrew E. Benizinger

Herman Koelewyn                            Lewis Brisbois Bisgaard & Smith LLP

700 University Ave. #140                   2850 GatewayOaks Drive, Suite 450

Sacramento, CA 95825                       Sacramento, California 95833

DATED: April 29, 2013        Respectfully submitted,

Larry Tevis

Nancy Tevis

Page 2

FILED

APR 25 2013

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

In re:                                         )          Case No. 04-26357-B-13J
                                               )
LARRY TEVIS and NANCY TEVIS,                   )
                                               )
                              Debtor(s).       )
_____)

### ORDER ON MOTION FOR RELIEF UNDER FEDERAL RULE OF CIVIL PROCEDURE 60(d)(3) FRAUD ON THE COURT

The debtors contend that a fraud was committed upon the court in connection with an order entered November 12, 2004, based on certain statements made by attorney Daniel Egan.

This pending motion was directed to the undersigned as the judge who conducted the subject hearing and issued the order that is said to be eligible to be set aside as a fraud on the court pursuant to Federal Rule of Civil Procedure 60(d)(3).

After reviewing the record carefully, the undersigned concludes that there was not a fraud on the court. As Mr. Egan points out correctly, the offending statements regarding whether CalVet was party to the settlement were accurate when made. Even if CalVet had been part of the compromise, as the movant contends, the undersigned would not have made a different ruling. Since the ruling by the undersigned judge would not have been different, relief on the asserted basis is not warranted.

IT IS ORDERED that the motion is DENIED.

Dated:  April 25, 2013.

_____
UNITED STATES BANKRUPTCY JUDGE

AO 240 (Rev. 07/10) Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form)

# UNITED STATES DISTRICT COURT

for the

Eastern District of California

FILED

JUN - 4 2013

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

04-26357

| | | |
|---|---|---|
| Larry and Nancy Tevis | ) | |
| *Plaintiff/Petitioner* | ) | |
| v. | ) | Civil Action No. BAP No. EC-13-1211 |
| Michael Burkart,Paul Cass,Galgani,Hoseit & koelewyn | ) | |
| *Defendant/Respondent* | ) | |

## APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS
### (Short Form)

I am a plaintiff or petitioner in this case and declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief requested.

In support of this application, I answer the following questions under penalty of perjury:

1. *If incarcerated.* I am being held at: _____ NA _____.
If employed there, or have an account in the institution, I have attached to this document a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months for any institutional account in my name. I am also submitting a similar statement from any other institution where I was incarcerated during the last six months.

2. *If not incarcerated.* If I am employed, my employer's name and address are:

NA

My gross pay or wages are: $ _____ , and my take-home pay or wages are: $ _____ per

*(specify pay period)* _____ .

3. *Other Income.* In the past 12 months, I have received income from the following sources *(check all that apply)*:

| | | |
|---|---|---|
| (a) Business, profession, or other self-employment | ❏ Yes | ❏ No |
| (b) Rent payments, interest, or dividends | ❏ Yes | ❏ No |
| (c) Pension, annuity, or life insurance payments | ❏ Yes | ❏ No |
| (d) Disability, or worker's compensation payments | ☑ Yes | ❏ No |
| (e) Gifts, or inheritances | ❏ Yes | ❏ No |
| (f) Any other sources | ❏ Yes | ❏ No |

*If you answered "Yes" to any question above, describe below or on separate pages each source of money and state the amount that you received and what you expect to receive in the future.*

Larry Tevis- United States Treasury; Social Security Disability - $1341.00
Nancy Tevis- United States Treasury; Social Security Disability- $ 619.00

Total-$1960.00

Larry and Nancy Tevis expect to receive $1960.00 a month in the future.

Case: 13-1212 Case Document 177 Filed 06/05/2013 Page: 2 of 2
Case 2:13-mc-00082-MCE-AC   Document 1   Filed 08/07/13   Page 8 of 26
AO 240  (Rev. 07/10) Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form)

4.  Amount of money that I have in cash or in a checking or savings account:  $                150.00  .

5.  Any automobile, real estate, stock, bond, security, trust, jewelry, art work, or other financial instrument or thing of value that I own, including any item of value held in someone else's name *(describe the property and its approximate value)*:

None

6.  Any housing, transportation, utilities, or loan payments, or other regular monthly expenses *(describe and provide the amount of the monthly expense)*:

Electric Bill-      $300.0        Food- $800.00    Total Monthly Expenses  $1775.00
Propane-----    $175.00
Transportation  $400.00
Loan Payments-$100.00

7.  Names (or, if under 18, initials only) of all persons who are dependent on me for support, my relationship with each person, and how much I contribute to their support:

None

8.  Any debts or financial obligations *(describe the amounts owed and to whom they are payable)*:

We are in Bankruptcy since 2004, the financial obligations are undetermined as we are in a Adversary Proceeding.

*Declaration:*  I declare under penalty of perjury that the above information is true and understand that a false statement may result in a dismissal of my claims.

Date:        05/31/2013

*Larry Tevis*
*Nancy Tevis*
                                          *Applicant's signature*

*Larry and Nancy Tevis*
                                          *Printed name*

FILED

JUL 3 1 2013

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

In re:                          )
                                )
LARRY TEVIS; NANCY TEVIS        )      Case No. 04-26357-C-7
                                )
              Debtors.          )
                                )
_____ )

        MEMORANDUM DECISION ON BANKRUPTCY APPELLATE PANEL
           CLERK'S NOTICE IN BAP APPEAL NO. EC-13-1211


        The trial court is authorized to make certain certifications

under 28 U.S.C. §§ 753(f) and 1915(a)(3) regarding appeals when

in forma pauperis status is requested.  The pending appeal of

Larry Tevis & Nancy Tevis v. Michael F. Burkart, Trustee, Hoseit

& Koelewyn, Max Hoseit, & Herman L. Koelewyn (In re Tevis), BAP

No. EC-13-1211, is such an appeal and triggered a BAP Clerk's

Notice to this court of the opportunity to consider the

certification questions.

        The appeal is from an this court's order in the case of In

re Tevis, No. 04-26357, denying the debtors' motion to set aside

an order entered November 12, 2004, on a theory of fraud on the

court pursuant to Federal Rule of Civil Procedure 60(d)(3).[1]

        Upon receiving from the debtors a request to proceed in

_____

[1]Rule 60(d)(3) provides:

    (d) Other Powers to Grant Relief.  This rule does not limit
    a court's power to: ... (3) set aside a judgment for fraud
    on the court.

Fed. R. Civ. P. 60(d)(3), incorporated by Fed. R. Bankr. P.
9024.

1   forma pauperis, the Bankruptcy Appellate Panel invited the views
2   of this trial court under 28 U.S.C. §§ 753(f) and 1915(a)(3)
3   pursuant to the procedure outline in <u>Knutson v. Price (In re</u>
4   <u>Price)</u>, 410 B.R. 51, 55-60 (Bankr. E.D. Cal. 2009).

6                                    I

7       An appeal may not be taken in forma pauperis if the trial
8   court, which is this bankruptcy court in this instance, certifies
9   in writing that the appeal is not taken in good faith:

10      (a)(3) An appeal may not be taken in forma pauperis if the
        trial court certifies in writing that it is not taken in
11      good faith.

12  28 U.S.C. § 1915(a)(3).

13      When a person is permitted to appeal in forma pauperis, the
14  United States will not pay any fees for transcripts if there is
15  not a certification "that the appeal is not frivolous (but
16  presents a substantial question) . ..."  28 U.S.C. § 753(f).

18                                   II

19      The debtors believe they became ensnared a "Catch-22"
20  situation involving their residence that was acquired with a so-
21  called "CalVet" loan.  Loans made under the CalVet program are
22  structured such that title nominally remains in CalVet until such
23  time as the purchasing veteran extinguishes the loan.

24      They contend that there was a fraud on the court committed
25  by the trustee's counsel in representations made to the court
26  regarding the relationship of CalVet to the settlement, which
27  representations are not consistent with the final form of the
28  settlement.

                                     2

1    This court determined that the original ruling would not
2  have been different if the debtors' version of the role of CalVet
3  had been made explicit at the time of the original order.
4  Accordingly, an order was entered declining to afford relief
5  under a Rule 60(d)(3) fraud-on-the-court theory.  That order is
6  the subject of this appeal.

7

8                                III

9    As to the § 1915(a)(3) question of whether the appeal is
10  taken in good faith, this court is persuaded that these self-
11  represented debtors[2] believe in good faith that they have been
12  treated badly and believe that they ought to be entitled to
13  relief.

14    There is no apparent purpose of delay or other motive
15  inconsistent with seeking judicial relief for a harm that they
16  believe has been visited upon them.

17    Accordingly, this court is persuaded that there is not a
18  lack of good faith in taking this appeal as of right pursuant to
19  28 U.S.C. § 158(a)(1).  Hence, there will be no certification by
20  this trial court that the appeal "is not taken in good faith"
21  within the meaning of § 1915(a)(3).

22

23                                IV

24    As to the § 753(f) question, there are two separate
25  essential elements: that the appeal "is not frivolous" and that
26  it "presents a substantial question."  28 U.S.C. § 753(f).  Each

27  _____

28    [2]The frivolity analysis might be different if the debtors
    were represented by counsel.

1  of these elements must be satisfied before the United States will

2  pay for transcripts for a person permitted to appeal in forma

3  pauperis.  Henderson v. United States, 734 F.2d 483, 484 (9th

4  Cir. 1984); Price, 410 B.R. at 59.

5      The determinations are made as a matter of "judicial

6  discretion."  Thomas v. Computax Corp., 631 F.2d 139, 143 (9th

7  Cir. 1980); Price, 410 B.R. at 59.

8      When a bankruptcy judge is the trial judge, the

9  determination is made by the bankruptcy judge.  Price, 410 B.R.

10  at 59; Allen v. W. Sierra Bank (In re Allen), 2009 WL 1187957, at

11  *1 (Bankr. D. Idaho 2009).

12      Although the trial judge makes an independent determination

13  in the exercise of judicial discretion, the § 753(f) burden

14  ultimately is on the appellants to persuade the trial judge and,

15  if necessary, a circuit judge.  Jaffe v. United States, 246 F.2d

16  760, 761-62 (2d Cir. 1957); Sharpe v. Ogar, 2008 WL 5000155, at

17  *1 (D. Ariz. 2008); Price, 410 B.R. at 59.

18

19                                A

20      This court assumes for purposes of analysis that § 753(f)

21  frivolity is the same as § 1915(a)(3) frivolity even though there

22  may be technical differences regarding burdens of proof.  Hence,

23  having declined to make a § 1915(a)(3) certification of frivolity

24  on the part of these self-represented debtors, this appeal "is

25  not frivolous."

26

27                                B

28      The second requirement - that the appeal presents a

                                4

1  "substantial question" — is more of a problem.

2      In assessing whether a "substantial question" is presented
3  by the appeal, the trial judge may evaluate the statement of
4  issues and related material.  Gonzales v. Riddle, 2008 WL
5  4723779, at *1 (E.D. Cal. 2008); Price, 410 B.R. 59.  There is a
6  "substantial question" when the issue before the appellate court
7  is reasonably debatable.  Washburn v. Fagan, 2007 WL 2043854, at
8  *2 (N.D. Cal. 2007), citing with approval, Ortiz v. Greyhound
9  Corp., 192 F.Supp. 903, 905 (D. Md. 1959); Price, 410 B.R. at 59.

10     As this trial court understands the appeal (and recollects
11  the proceedings in 2004 and in 2013), no specific legal issue is
12  presented as to which reasonable minds could differ.  Nor is
13  there any contention that binding precedent was not followed.  As
14  explained in the questioned ruling, the purported inaccuracy, if
15  known, would not have affected the order from which relief is
16  sought.  This is not, in the view of the trial judge, a case that
17  presents a "substantial question" because this court does not
18  believe that the alleged inaccuracy was material and does not
19  believe a fraud was committed upon it.  Rather, the chances of
20  success on appeal being essentially nil, this appeal does not
21  present a "substantial question."

22

23                        CONCLUSION

24     This trial court declines to certify that this appeal is
25  "not taken in good faith" within the meaning of 28 U.S.C.
26  § 1915(a)3).

27     This trial court determines that, although this appeal "is
28  not frivolous" for purposes of 28 U.S.C. § 753(f), this appeal

1   does <u>not</u> present a "substantial question" within the meaning of

2   the penultimate sentence of 28 U.S.C. § 753(f).  Hence, even if

3   the debtors are allowed to appeal in forma pauperis, no

4   transcript will be prepared at public expense.

5

6

7                                     UNITED STATES BANKRUPTCY JUDGE

8   July 30, 2013

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

CERTIFICATE OF
ELECTRONIC
TRANSMISSION


     The undersigned deputy clerk in the office of the United
States Bankruptcy Court for the Eastern District of California
hereby certifies that a copy of the document to which this
certificate is attached was transmitted electronically today
to the Bankruptcy Appellate Panel at the email address(es)
shown below or on the attached list.


     BAPCA09Filings/CA09/09/USCOURTS


DATED: 7/31/13          By: _____

                            Deputy Clerk

## BANKRUPTCY APPEAL TRANSMITTAL FORM

TO:     Bankruptcy Appellate Panel of the Ninth Circuit
        125 S. Grand Avenue
        Pasadena, CA 91105

FROM:   U.S. Bankruptcy Court
        Eastern District of California
        District Office No. 0972

DATE:   05/02/13

---

Debtor(s) Name:  Larry Tevis and Nancy Tevis

Bankruptcy Case No.  04-26357-B-13

Adversary Proceeding No. 

Docket Control No. 

Bankruptcy Judge (who signed the order): Klein

Date Notice of Appeal Filed:  4/30/13

Date of Entry of Order Appealed From:  4/26/13

Date Bankruptcy Case Filed:  6/21/04

Date Notice of Appeal and
Notice of Referral of Appeal Mailed to Parties:  5/2/13

Filing Fee Paid?  (Check One)    [ ]   Yes   [✓] No 

Deputy Clerk
U.S. Bankruptcy Court

501 I Street, Suite 3-200
Sacramento, CA 95814-2322
(916) 930-4400

EDC 2-850 (Rev. 8/10/10)

---

FILED

**05/02/13**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA



1 Larry Tevis and Nancy Tevis
P.O. Box 156
2 Rescue, CA 95672



FILED

APR 3 0 2013

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

3
4
5
6
7
8

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

9
10 In re:

11 LARRY TEVIS & NANCY TEVIS          Case Number: 04-26357-B13

12              Debtors,

13 _____

14
15                 **NOTICE OF APPEAL**

16
17 Debtors Larry and Nancy Tevis appeal under 28 U.S.C. section 158(a) or (b) from

18 the judgement, order, or decree of Bankruptcy Judge Christopher M. Klein's order

19 Debtors Motion For Relief Under Federal Rule Of Civil Procedure 60(d)(3) Fraud

20 On The Court filed on April 25, 2013.

21 The names and addresses of all parties and respective attorneys to the order

22 appealed from, as follows:

23
24 Michael F. Burkart                    Paul L. Cass

25 Trustee Michael F. Burkart            Law Offices of Paul L. Cass

26 5150 Fair Oaks Blvd. # 101-185        7803 Madison Ave. Ste. 610

27 Carmichael, CA 95608                   Citrus Heights, CA 95610

28                          Page 1

1
2
3
4   Peter A. Galgani
5   Law Offices of Peter A. Galgani
6   1120 "D" St. Ste. 100
7   Sacramento, CA 95814
8
9   Hoseit & Koelewyn                    Attorneys for Hoseit& Koelewyn
10  Max Hoseit                           Andrew E. Benizinger
11  Herman Koelewyn                      Lewis Brisbois Bisgaard & Smith LLP
12  700 University Ave. #140             2850 GatewayOaks Drive, Suite 450
13  Sacramento, CA 95825                 Sacramento, California 95833
14
15
16
17
18
19  DATED: April 29, 2013         Respectfully submitted,
20
21                                *Larry Tevis*
22                                Larry Tevis
23
24                                *Nancy Tevis*
25                                Nancy Tevis
26
27
28                                        Page 2

FILED

APR 2 5 2013

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

1  **UNITED STATES BANKRUPTCY COURT**

2  **EASTERN DISTRICT OF CALIFORNIA**

3

4  In re:                              )      Case No. 04-26357-B-13J
                                       )
5  LARRY TEVIS and NANCY TEVIS,        )
                                       )
6                                      )
                         Debtor(s).    )
7  _____)

8       **ORDER ON MOTION FOR RELIEF UNDER FEDERAL RULE OF CIVIL**
              **PROCEDURE 60(d)(3) FRAUD ON THE COURT**
9

10      The debtors contend that a fraud was committed upon the

11  court in connection with an order entered November 12, 2004,

12  based on certain statements made by attorney Daniel Egan.

13      This pending motion was directed to the undersigned as the

14  judge who conducted the subject hearing and issued the order that

15  is said to be eligible to be set aside as a fraud on the court

16  pursuant to Federal Rule of Civil Procedure 60(d)(3).

17      After reviewing the record carefully, the undersigned

18  concludes that there was not a fraud on the court.  As Mr. Egan

19  points out correctly, the offending statements regarding whether

20  CalVet was party to the settlement were accurate when made.  Even

21  if CalVet had been part of the compromise, as the movant

22  contends, the undersigned would not have made a different ruling.

23  Since the ruling by the undersigned judge would not have been

24  different, relief on the asserted basis is not warranted.

25      IT IS ORDERED that the motion is DENIED.

26      Dated:  April 25, 2013.

27

28      _____
         UNITED STATES BANKRUPTCY JUDGE

1

## CERTIFICATE OF SERVICE

2     On the date indicated below, I served a true and correct
copy(ies) of the attached document by placing said copy(ies) in a
3   postage paid envelope addressed to the person(s) hereinafter
listed and by depositing said envelope in the United States mail
4   or by placing said copy(ies) into an interoffice delivery
receptacle located in the Clerk's Office.

5

6   Larry Tevis
    PO BOX 156
7   RESCUE CA 95672

8   H. L. Koelewyn
    700 University Ave #140
9   Sacramento CA 95825-6703

10

    Daniel L. Egan
11  400 Capitol Mall 22nd Fl
    Sacramento CA 95814

12

13  Dated: 4/26/13

14

15                                          DEPUTY CLERK

16

17

18

19

20

21

22

23

24

25

26

27

28                          - 2 -

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA**

```
┌─────────────────────────────┐
│            FILED            │
│  ┌───────────────────────┐  │
│  │       05/02/13        │  │
│  └───────────────────────┘  │
│ UNITED STATES BANKRUPTCY COURT│
│  EASTERN DISTRICT OF CALIFORNIA│
└─────────────────────────────┘
```

In re                        )    Bankruptcy Case No.  04-26357-B13

    Larry Tevis and Nancy Tevis    )

                         )    Adversary Proceeding No.

                         )

                         )    Docket Control No.

_____Debtor(s)  )

**CERTIFICATE OF MAILING**

The undersigned clerk in the Office of the United States Bankruptcy Court for this district hereby certifies that copies of the **Notice of Appeal and Notice of Referral of Appeal to the Bankruptcy Appellate Panel of the Ninth Circuit** were mailed today to the following parties at their respective addresses as shown in the Court's records:

| | | |
|---|---|---|
| Larry and Nancy Tevis<br>PO BOX 156<br>RESCUE CA 95672 | Jan P. Johnson<br>PO Box 1708<br>Sacramento CA 95812 | Michael F. Burkart<br>5150 Fair Oaks Blvd.<br>#101-185<br>Carmichael CA 95608 |
| Paul L. Cass<br>7803 Madison Ave #610<br>Citrus Heights, CA 95610 | Peter A. Galgani<br>1120 D St #100<br>Sacramento CA 95814 | Max Hoseit<br>700 University Ave #140<br>Sacramento CA 95825 |
| Andrew E. Benizinger<br>2850 Gateway Oaks Dr #450<br>Sacramento, CA 95833 | U.S. Trustee<br>501 I St #7-500<br>Sacramento, CA 95814 | |

Dated: 05/02/13 _____      BY: _S. Stephen Peterson_____
                                                    Deputy Clerk

EDC 3-071 (Rev. 8/10/10)

General Docket
U. S. Bankruptcy Appellate Panel for the Ninth Circuit

| | |
|---|---|
| **Bankruptcy Appellate Panel Docket #:** 13-1211 | **Docketed:** 05/02/2013 |

Larry Tevis, et al v. Michael Burkart, et al
**Appeal From:** California Eastern - Sacramento
**Fee Status:** fee due

---

**Case Type Information:**
   **1)** Bankruptcy
   **2)** Chapter 7 Non-Business
   **3)** null

---

**Originating Court Information:**
   **District:** 0972-2 : 04-26357-B13
   **Presiding Judge:** Christopher M. Klein, U.S. Bankruptcy Judge
   **Date Filed:** 06/21/2004

| | |
|---|---|
| **Date NOA Filed:** | **Date Rec'd BAP:** |
| 04/30/2013 | 05/02/2013 |

---

**Prior Cases:**
   05-1131   **Date Filed:** 04/08/2005   **Date Disposed:** 06/29/2006   **Disposition:** Affirmed in part, Reversed; Opinion

**Current Cases:**
   None

---

**Panel Assignment:**   Not available

---

In re: LARRY TEVIS
      Debtor

NANCY TEVIS
      Debtor

------------------------------

| | |
|---|---|
| LARRY TEVIS<br>      Appellant | Larry Tevis<br>[COR LD NTC Pro Se]<br>Firm: 530/676-2757<br>P.O. Box 156<br>Rescue, CA 95672 |
| NANCY TEVIS<br>      Appellant | Nancy Tevis<br>[COR LD NTC Pro Se]<br>Firm: 530/676-2757<br>P.O. Box 156<br>Rescue, CA 95672 |
| v. | |
| MICHAEL F. BURKART, Trustee<br>      Appellee | Paul Cass, Attorney<br>[COR LD NTC Retained]<br>LAW OFFICE OF PAUL L. CASS<br>#610<br>7803 Madison Ave.<br>Citrus Heights, CA 95610-0000<br><br>Peter A. Galgani, Esquire<br>[COR LD NTC Retained]<br>Law Offices of Peter A. Galgani<br>Suite 100<br>1120 "D" Street<br>Sacramento, CA 95814 |
| HOSEIT & KOELEWYN<br>      Appellee | Andrew Edward Benzinger, Esquire, Attorney<br>Direct: 916-564-5400<br>[COR LD NTC Retained]<br>LEWIS, BRIBOIS, BISGAARD & SMITH LLP<br>Suite 450<br>Firm: 916/ 564-5400<br>2850 Gateway Oaks Drive<br>Sacramento, CA 95833 |

| | |
|---|---|
| MAX HOSEIT<br>       Appellee | Andrew Edward Benzinger, Esquire, Attorney<br>Direct: 916-564-5400<br>[COR LD NTC Retained]<br>(see above) |
| HERMAN L. KOELEWYN<br>       Appellee | Andrew Edward Benzinger, Esquire, Attorney<br>Direct: 916-564-5400<br>[COR LD NTC Retained]<br>(see above) |

In re:  LARRY TEVIS; NANCY TEVIS

          Debtors

------------------------------

LARRY TEVIS; NANCY TEVIS

          Appellants

v.

MICHAEL F. BURKART, Trustee; HOSEIT & KOELEWYN; MAX HOSEIT; HERMAN L. KOELEWYN

          Appellees

| 05/02/2013 | 1<br>6 pg, 177.85 KB | Received notice of appeal filed in Bankruptcy Court on 04/30/2013, transmittal form, and copy of order. (PI) |
|---|---|---|
| 05/16/2013 | 2<br>3 pg, 77.69 KB | Notice to all parties and Bankruptcy Court RE: BAP Case number assigned: EC-13-1211. Sent Bankruptcy Record Request Form to Bankruptcy Court. (PI) |
| 05/16/2013 | 3<br>3 pg, 42.15 KB | Sent BRIEFING ORDER to appellant Larry Tevis and Nancy Tevis. Copies to all parties. Appellant Larry Tevis and Nancy Tevis's opening brief due 07/01/2013 (PI) |
| 05/16/2013 | 4<br>2 pg, 42.59 KB | Notice of Deficiency sent to Appellant RE: lack of prosecution for filing fee due. Response Due: 05/30/2013. cc: All parties. (PI) |
| 05/16/2013 | 5<br>2 pg, 39.77 KB | Sent Notice of Mandatory Attorney Electronic Filing form to Andrew E. Benizinger, Esquire for Appellees Herman L. Koelewyn, Max Hoseit and HOSEIT & KOELEWYN, Paul Cass for Appellee Michael F. Burkart and Peter A. Galgani, Esquire for Appellee Michael F. Burkart with note that no further paper filings will be accepted. (PI) |
| 05/21/2013 | 6<br>2 pg, 43.02 KB | Notice of Deficiency sent to Appellant RE: Record on appeal not filed (for lack of prosecution). Re: Response Due: 06/04/2013. cc: All parties. (VJ) |
| 06/05/2013 | 7<br>2 pg, 93.19 KB | Filed original and copies of Larry Tevis and Nancy Tevis's motion to proceed in forma pauperis; served on 05/31/2012. (VJ) |
| 07/02/2013 | 8<br>2 pg, 25.48 KB | Filed original and copies of Larry Tevis and Nancy Tevis's motion extending time to file appellant's opening brief until 07/09/2013; served on 6/27/13. (VJ) |
| 07/02/2013 | 9<br>1 pg, 33.61 KB | Filed order (Deputy Clerk: vjw) Motion to extend time to file appellant's opening brief filed by Nancy Tevis and Larry Tevis is GRANTED Appellant Larry Tevis and Nancy Tevis's opening brief due 07/09/2013.; dated: 07/02/2013. (VJ) |
| 07/11/2013 | 10<br>28 pg, 566.49 KB | Filed original and 3 copies, opening brief with 4 copies excerpts of record, served on 07/09/2013 ; Appellee Michael F. Burkart, HOSEIT & KOELEWYN, Max Hoseit and Herman L. Koelewyn's opening brief due 07/30/2013. (VJ) |
| 07/24/2013 | 11<br>3 pg, 14.84 KB | Filed order (Clerk: sms) On 7/31/13, the Panel will forward the request for leave to proceed IFP to the U.S. District Court for its consideration. An appeal may not be taken IFP if the trial court certifies in writing that it is not taken in good faith. This Clerk's Order is being issued to allow the trial court the opportunity to "certify in writing that the appeals is not taken in good faith". ; dated: 07/24/2013. (PI) |
| 07/24/2013 | 12<br>12 pg, 310.01 KB | Filed (ECF) Attorney Mr. Andrew Edward Benzinger, Esquire for Appellees Herman L. Koelewyn, Max Hoseit and HOSEIT & KOELEWYN's brief on appeal; served on 07/24/2013 US mail - Appellants Tevis, Tevis; Attorney for Appellees: Cass, Galgani; email - Appellants Tevis, Tevis; Attorney for Appellees: Benzinger, Cass, Galgani. (AEB) |
| 07/31/2013 | 13<br>7 pg, 218.83 KB | Received from Bankruptcy Court copy of Bk.Ct. Judge's response to BAP Clerk's Notice re: Certification - Appeal is not Frivolous ( see attached order) filed in Bk. Ct. 07/31/2013. (VJ) |
| 08/07/2013 | 14<br>15 pg, 1.52 MB | Filed order (DUNN and KIRSCHER); appellants' IFP Motion is hereby TRANSFERRED to the United States District Court for the Eastern District of California for the limited purpose of ruling on the IFP Motion. No later than Friday, September 6, 2013, appellants must file with the Panel and serve on opposing counsel a written response of the steps appellants have taken to have the IFP Motion considered ( see attached order);. (VJ) |

Clear All

◉ **Documents and Docket Summary**
○ Documents Only

☑ **Include Page Numbers**

**Selected Pages:** 0          **Selected Size:** 0 KB

View Selected

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| BAP for the Ninth Circuit - 08/07/2013 12:45:46 | | | |
| **PACER Login:** | us5194 | **Client Code:** | |
| **Description:** | Docket Report (full) | **Search Criteria:** | 13-1211 |
| **Billable Pages:** | 2 | **Cost:** | 0.20 |